**ORIGINAL**

**FILED**

JAN 1 8 2008

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## AT WASHINGTON, DC

MICHAEL R. RAY, #40860-019
F.C.I.
P.O.B 699 Plaintiff,
Estill, SC
29918    -vs-

EXPERIAN, INC., and BRANCH
BANKING & TRUST COMPANY (a/k/a
BB&T),

        Defendant(s).

:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION

Case No._____

Case: 1:08-cv-00114
Assigned To : Lamberth, Royce C.
Assign. Date : 1/18/2008
Description: Pro Se General Civil

## C O M P L A I N T

COMES NOW the Plaintiff, MICHAEL R. RAY, (hereafter collectively the "Plaintiff") pro se, and for his complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and fees brought pursuant to 15 U.S.C. § 1681, et seq. (Federal Fair Credit Reporting Act), and for the common law tort of defamation.

### I.    JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1367.

3. The Plaintiff is a natural person and resident of the State of South Carolina. As such, he is a "consumer" as defined by 15 U.S.C. § 1681a(c).

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT
RECEIVED
JAN 2007

*1*

4. Upon information and belief, EXPERIAN, INC., ("Experian") is a corporation incorporated under the laws of the State of Texas, authorized to do business throughout the United States, and Experian is registered with the various Secretaries of State to conduct its business in all fifty states, and the District of Columbia. Experian has its corporate headquarters at 701 Experian Parkway, in Allen, Texas.

5. Upon information and belief, Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681(f). Upon further information and belief, Experian is engaged in the business of assembling, evaluating and disbursing information relating to consumers' credit worthiness, for the purpose of furnishing consumer reports, as are more defined in 15 U.S.C. § 1681(d) to its third party business customers.

6. Upon information and belief, Experian produces and disburses consumer reports to third party businesses, for monetary compensation.

7. Upon information and belief, BRABCH BANKING AND TRUST COMPANY ("BB&T") is a national bank, authorized to do business in the State of South Carolina, and which maintains branches and is further authorized to do business in the District of Columbia. BB&T is a member (or participant) of the Federal Deposit Insurance Program. BB&T maintains its main office in Wilson, North Carolina.

8. In February 2002, the Plaintiff filed for protection with the United States Bankruptcy Court in the District of South Carolina, for protection from his creditors under Chapter 7 of the U.S. Bankruptcy Code.

9. In November 2002, the Bankruptcy Court granted the Plaintiff a complete discharge of his debts. Included in these discharged debts were one or more debts owed to Defendant BB&T. After the point in time

-2-

that the scheduled debts of the Plaintiff were discharged, he had
no responsibility for the payment of the debts, nor were the previous
debts valid or collectible.

10. At various time from October 2003, to the present, Plaintiff
requested and received copies of his Experian credit bureau report
from Experian. Although Plaintiff made proper written requests for
the reports, on some occasions he would only receive back "form letters"
advising him that he needed to provide further "identification infor-
mation", etc., and Plaintiff alleges that Experian used a purported
lack of verifying information to purposefully not provide the Plaintiff
some of the reports and/or updates he requested. In any event, he
did in fact receive some of the reports, at various intervals over
a three year period.

11. In regard to the individual reportings of Defendant BB&T,
in the early reports to Experian (in 2004 and 2005), BB&T properly
reported the account(s) of the Plaintiff — either as "filed Chapter
7 bankruptcy" or "discharged Chapter 7 bankruptcy", as well as indica-
ting a zero dollar account balance, for an "unrated" effect on his
credit report.

12. Plaintiff made his last purchase and/or payment on his
BB&T account, sometime in 1999. As of May 2000, the Plaintiff was at
least 30 days past due on his BB&T account. Plaintiff made no further
payments and was blocked from further charge activity after he was
chronically delinquent.

13. Under the Fair Credit Reporting Act ("FCRA"), when a
debtor (consumer) files for and receives a discharge of his/her debts
(as was the exact case here), all discharged debts cease to exist,
and each creditor has the obligation to zero out each account, and
list each account as "discharged in bankruptcy" with the credit

-3-

reporting agency. Further, BB&T had a duty under the FCRA to delete any previous payment history for the discharged account.

14. For the most part, up until the report issued by Experian in late 2006 and early 2007, the Plaintiff was satisfied that his Experian credit bureau report generally reflected a true picture of the Plaintiff's credit history, and too that it, as a general rule, reflected correct information relating to the discharged bankruptcy accounts.

15. In late 2006, Plaintiff requested and received an annual "free credit report" disclosure from Experian under the FACT Act. Initially, he again received several form letters advising him that "the address you have provided has never been reported to us" and further that "we must verify your current mailing address." As Plaintiff had been through this "hoop-jump" with Experian before, he was prepared to play their game and wait them out. Interestingly enough, one day after advising Plaintiff that the address was un-verifiable, etc., Experian issued a report (dated November 30, 2006), and mailed it to his permanent Myrtle Beach, South Carolina mailing address. Upon receiving and reviewing this report (#1487060831), Plaintiff was pleased to see that nearly all of the old bankruptcy accounts (which had previously been discharged) were no longer appear-ing on his report, due to the fact that a period of seven years had elapsed from the date of last activity on those accounts and they were properly deleting themselves from his report. Plaintiff was however surprised to see that the account of BB&T not only still appeared on his report, but that the BB&T entry now showed a date of "status" (or last activity) of June 2002. At that point, Plaintiff made a diligent inquiry of his records to confirm his thoughts that the BB&T accounts true date of last activity well predated the bank-

ruptcy filing. Additionally, on the most recent report, there was no breakdown of the dates of delinquency, etc., so that Plaintiff (nor anyone else for that matter) could see how the dates related to the date of the bankruptcy filing, etc. This information had appeared on previous reports that the Plaintiff had received.

16. Plaintiff immediately initiated an official dispute directly with Experian regarding the BB&T account, stating that the account should not appear on his report at all, due to the passing of the seven year period from the date of last activity.

17. By January 2007, Plaintiff had received no response what so ever from his Experian dispute. Plaintiff then worte Experian two additional letters. In early March 2007, Plaintiff received an Experian report (#1360248620) dated February 26, 2007, which purported itself to be a "correction summary". This report was devoid of any indication what so ever as to what Experian had or had not deleted or corrected from the previous report. On that latest report, BB&T was listed with a "status date" of November 2002, some two to three years after the actual date of last activity. Most interestingly, the account history clearly showed that the account was totally delinquent as of August 2000, and never thereafter recovered. With the new "date of status" of 2002, this negative entry would continue to report on the Plaintiff's file until at least October 2009. It was increasingly apparent that Experian and BB&T had their proverbial wires crossed somewhere.

18. Plaintiff again wrote to Experian and shouted his displeasure with their obvious and egregious disregard for the requirements under the FCRA. Plaintiff also questioned Experian, at one point, asking if "humans really worked there?"

19. In late March 2007, Plaintiff received two envelopes from

Experian on the same day. The first stated "we are unable to process your request" and the second was the actual processing of that request, under the exact same report number (#2570110701). As Plaintiff had expected from good ole' Experian, appearing under the caption "Items we Investigated" there was nothing. Interesting, there is no indication that Plaintiff's dispute was even read, let alone acted on. The BB&T account appeared just as it previously had on the previous report, and still contained all of the factually incorrect information that had appeared on the earlier version of the report.

20. At that point, Plaintiff was at wits end. On one hand he laughed at the parties comical handling of his (and obviously countless others) financial account information and reports; however, on the other hand he was furious, and thoroughly disgusted to think that these folks can even stay in business with their slip-shod approach and obvious non-compliance with federal law.

21. On March 19, 2007, Plaintiff wrote directly to BB&T (via Certified Mail - Return Receipt Requested) and advised them of the situation, giving them an opportunity to directly correct the errors on their own, without the involvement of Experian. Plaintiff demanded that the error(s) be fixed, providing BB&T with copies of the relevant documents and report copies from Experian. Plaintiff mailed a copy of the direct dispute letter to Experian, to put them on notice too, as to his contacting BB&T directly about the account(s). Unfortunately, neither BB&T nor Experian ever took the time to reply. No changes were made to the BB&T entry on the Experian report. (See Exhibit "A", attached hereto).

22. Through the plethora of errors, Plaintiff has been harmed by the actions (or lack thereof) of each of the Defendants' named herein.

23. Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Experian did not evaluate or even consider any of Plaintiff's information, claims or evidence and they did not make any attempt to substantially or reasonably verify the representations of BB&T.

24. In the alternative to the allegation that Experian may not have even contacted BB&T; it is alleged that Experian did forward some notice of the dispute to BB&T, but that they failed to conduct a lawful investigation (and/or reinvestigation) into the matters disputed by this lawsuit.

## II. FIRST CLAIM FOR RELIEF AGAINST EXPERIAN

25. The Plaintiff realleges and incorporates each paragraph shown above, as if repeated herein verbatim.

26. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

27. As a result of this conduct, action and inaction of Experian, the Plaintiff has suffered damages by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials, and the defamation to his reputation and character.

28. Experian's conduct, action and inaction was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover costs and fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### III.    SECOND CLAIM FOR RELIEF AGAINST EXPERIAN

29. Plaintiff realleges and incorporates each and every paragraph set forth above, as if repeated herein verbatim.

30. Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct lawful investigation; by failing to forward all relevant information to BB&T; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source that it has reason to know is unreasonable.

31. As a result of this conduct, action and inaction of Experian, the Plaintiff has suffered damages by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrasment of credit denials.

32. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

33. The Plaintiff is entitled to recover costs and fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### IV.    FIRST CLAIM FOR RELIEF AGAINST BB&T

34. Plaintiff realleges and incorporates each and every paragraph set forth above, as if repeated herein verbatim.

35. BB&T published the BB&T representations to Experian and through Experian to all of Plaintiff's potential lenders on multiple occasions, including but not limited to the information BB&T provided to Experian on March 19, 2007, February 26, 2007 and November 30, 2006, which formed the basis of this action, and the defamation.

36. The defamation was willful and with malice. BB&T did not have any reasonable or legal basis to believe that the Plaintiff was any longer responsible for the account reported in the BB&T representations. It also possessed substantial evidence by which to verify that the debt was both discharged and over seven years old, not to be reported to any bureau, any longer.

37. As a result of this conduct, action or inaction of BB&T, the Plaintiff suffered damages by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

38. The defamation, conduct and actions of BB&T were willful, deliberate, intentional and/or with reckless disregard for the interest and rights of Plaintiff such as to justify an award of punitive damages against BB&T in an amount to be determined by the Court.

### V.    SECOND CLAIM FOR RELIEF AGAINST BB&T

39. Plaintiff realleges and incorporates each paragraph set forth above, as if repeated herein verbatim.

40. BB&T violated the FCRA, 15 U.S.C. § 1681s-2(b) by continuing to report the BB&T representations within the Plaintiff's credit file with Experian without also including a notation that the debt was disputed; by failing to fully and properly investigate the Plaintiff's dipute of the BB&T representation; by failing to accurately respond to Experian; by failing to correctly report the

-9-

results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the BB&T representations to the consumer reporting agencies.

41. As a result of this conduct, action and inaction of BB&T, the Plaintiff suffered damages by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

42. BB&T's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff recover actual damages under 15 U.S.C. § 1681o.

43. The Plaintiff is entitled to recover costs and fees from BB&T in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### VI.    CONCLUSION

44. Attached to this instant Complaint are various supporting documents, some of which have deen detailed and/or referenced to within the body of this Complaint. The following is a listing of the relevant exhibits attached hereto.

    a.) Exhibit "A" - Official Dispute Notification to BB&T, dated March 19, 2007 including Certified Mail Return Receipt.

    b.) Exhibit "B" - Experian Credit Bureau Report(s)

        1.) Report #2620145221 dated October 9, 2003;
            Report #2758410936 dated November 3, 2003;
            Report #3188289238 dated June 9, 2005;
            Report #2112667256 dated July 7, 2005;
            Report Unnumbered dated November 22, 2005;
            Report #1487060831 dated November 30, 2006;
            Report #1360248620 dated February 26, 2007;
            Report #2570110701 dated March 19, 2007;

c.) Exhibit "C" - Various correspondence to Experian.

45. A trial by jury in this case is demanded by the pro se Plaintiff.

**W H E R E F O R E** , Your Plaintiff demands judgment for compensation and punitive damages against Defendant(s), jointly and severally; for his costs and fees expended; for pre-judgment and post-judgment interest at the legal rate, and any such other relief that the Court mlly deem just, equitable and proper.

Respectfully submitted,

Dated: 12|15 , 2007    By: _____

MICHAEL R. RAY, pro se
FCI Estill #40860-019
Post Office Box 699
Estill, South Carolina 29918

### CERTIFICATION

I hereby certify that the information presented herein is true and correct, under the penalty of perjury, 28 U.S.C. § 1746.

By: _____
MICHAEL R. RAY

EXHIBIT "A"

From:     MICHAEL R. RAY
          #40860-019
          P.O. Box 699
          Estill, SC 29918-0699

Date:     March 19, 2007

To:       FCRA Compliance Officer
          BB&T Bank
          P.O. Box 2306
          Wilson, North Carolina 27894

Re:       <u>Experian Report # 1360248620 and # 1487060831</u>


To Whom it May Concern:

This will serve as my official notice to your firm, that under the
Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, <u>et seq.</u> that
your firm is in direct violation of the FCRA, due to the inclusion
of the following account on my Experian Credit Bureau Report.

BB&T  Partial Acct. # 405372013101.... Opened 11/97 Discharged in
      Bankruptcy 11/21/2002.

This account had a date of last activity of prior to August, 2000,
when the account was at least 30 days past due.

The actual date of last activity may even pre-date that time.

Presently, Experian has "confirmed" this account with your firm,
and you now state that the last "status" date was 11/2002.

Under the FCRA, the date of last activity is defined as the last
activity on the part of the consumer (either a charge or payment).
The date of the bankruptcy discharge is totally irrelevant in this
situation.

Wherefore, you have now re-verifed this item, and you have done so
incorrectly, and contrary to the FCRA. If this account is not cor-
rected and/or deleted within 30 days, I will be forced to commence
action against your firm and the Credit Reporting Agency.

I look forward to confirmation that this obvious error has been
corrected.

Thank you.

_____

cc: Experian Credit Bureau

08 0114

**FILED**

JAN 1 8 2008

**NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT**

## Receipt 1

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FCRA Compliance Officer
NB-Target
P.O. Box 673
Minneapolis, MN 55440

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

MAR 27 2007

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)
7004 0550 0000 9736 4790

Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

## Receipt 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FCRA Compliance Officer
BB&T Bank
P.O. Box 2306
Wilson, NC 27894

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Vicki Banks  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

WILMINGTON NC - MAIN
MAR 26 2007
USPS

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)
7004 0550 0000 9736 4783

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

## Receipt 3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Experian NCAC
PO Box 9701
Allen, TX 75013

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )  EXPERIAN  701 EXPERIAN PARKWAY  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No
MAR 26 2007

James M. Swanson

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)
7004 0550 0000 9736 4745

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

EXHIBIT "B"

9

# experian

**Prepared for:**
MICHAEL R RAY
**Report number**
262014522 1

**Report date**
October 09.2003
www.experian.com/yourcredit
Call 800-583-4080

08 0114

Page 6 of

**FILED**
JAN 1 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## Credit items *continued*

| Source/<br>Address<br>(except last few digits) | Date opened/<br>Reported since | Date of status/<br>Last reported | Type/<br>Terms/<br>Monthly payment | Responsibility | Credit limit or<br>original amount/<br>High balance | Recent balance/<br>Recent payment | Status Details |
|---|---|---|---|---|---|---|---|
| **-la-BB&T**<br>40537201 3 103.... | 11-1997/<br>11-1997 | 2-2002/<br>2-2002 | Revolving/<br>NA/<br>$0 | Individual | $5,000 /<br>$29,758 | $0 as of<br>2-2002/ | Status: Petition for Chapter 7<br>Bankruptcy/Account charged off.<br>Account history:<br>Charge Off as of 1-2001<br>150 days as of 12-2000<br>120 days as of 11-2000, 2-2000<br>90 days as of 10-2000, 1-2000<br>60 days as of 9-2000, 12-1999<br>30 days as of 8-2000, 5-2000,<br>11-1999, 1-1999, 10-1998<br>Filed Chapter 7 Bankruptcy<br>02/01/2002<br>Creditor's statement *"Account closed at<br>credit grantor's request."*<br>This item was verified and updated on<br>9-2003. |
| **-l-BELK CENTER INC**<br>2801 W TYVOLA RD<br>CHARLOTTE NC 28217<br>59031.... | 12-1996/<br>12-1996 | 2-2002/<br>6-2001 | Revolving/<br>NA/<br>$0 | Individual | $1,700 /<br>$2,646 | $0 as of<br>6-2001/ | Status: Petition for Chapter 7<br>Bankruptcy/Account charged off.<br>Account history:<br>Charge Off as of 6-2001, 5-2001,<br>4-2001, 3-2001, 2-2001, 1-2001,<br>12-2000, 11-2000, 10-2000,<br>9-2000, 8-2000, 7-2000<br>150 days as of 6-2000<br>90 days as of 5-2000<br>60 days as of 4-2000<br>30 days as of 3-2000, 11-1999,<br>8-1999<br>Filed Chapter 7 Bankruptcy<br>02/01/2002<br>This item was verified and updated on<br>9-2003. |

000117034 1  ... ... ... ...

# experian.

**Prepared for**
MICHAEL R RAY
**Report number**
2758410936

**Report date**
November 03, 2003
www.experian.com/yourcredit
Call 800-583-4080

**Page 6 of 22**

## Credit items *continued*

| Source/<br>Account number<br>(Account last few digits) | Date opened/<br>Date reported since | Date of status/<br>Last reported | Type/<br>Terms/<br>Monthly payment | Responsibility | Credit limit or<br>original amount/<br>High balance | Recent balance/<br>Recent payment | Status Details |
|---|---|---|---|---|---|---|---|
| **ARROW FINANCIAL SERVICE**<br>5996 W TOUHY AVE<br>NILES IL 60714<br>7563522 | 12-2000/<br>11-1998 | 2-2002/<br>7-2002 | Installment/<br>NA/<br>$0 | Individual | $9,224 /<br>NA | $0 as of<br>7-2002/ | Status: NO STATUS.<br>Your Comment: *"Account in dispute under Fair Credit Billing Act"*<br>This item was verified and updated on 9-2003. |
| **Original creditor: A.F.S. ASSIGNEE OF GE** | | | | | | | |
| **BB&T**<br>PO BOX 1847<br>WILSON NC 27894<br>562133...... | 11-1997/<br>11-1997 | 2-2002/<br>1-2003 | Revolving/<br>NA/<br>$0 | Individual | $2,000 /<br>$2,185 | $0 as of<br>1-2003/ | Status: Petition for Chapter 7 Bankruptcy/Current, was past due 30 days.<br>Account history:<br>30 days as of 2-1999<br>Filed Chapter 7 Bankruptcy<br>02/01/2002<br>This item was verified and updated on 9-2003. |
| **BB&T**<br>405372013103...... | 11-1997/<br>11-1997 | 2-2002/<br>2-2002 | Revolving/<br>NA/<br>$0 | Individual | $5,000 /<br>$29,758 | $0 as of<br>2-2002/ | Status: Petition for Chapter 7 Bankruptcy/Account charged off.<br>Account history:<br>Charge Off as of 1-2001<br>150 days as of 12-2000<br>120 days as of 11-2000, 1-2000<br>90 days as of 10-2000, 12-1999<br>60 days as of 9-2000, 12-1999<br>30 days as of 8-2000, 5-2000,<br>11-1999, 1-1999, 10-1998<br>Filed Chapter 7 Bankruptcy<br>02/01/2002<br>Creditor's statement *"Account closed at credit grantor's request."*<br>This item was verified and updated on 9-2003. |

experian®

**Prepared for**
MICHAEL R RAY
**Report number**
3188289238
**Report date**
June 09, 2005
www.experian.com/disputes
Call 1 800 509 8495
**Page 4 of 22**

## Potentially negative items or items for further review continued

**BB&T**
PO BOX 2306
WILSON NC 27894
*Partial account number*
405372013103.....

| *Date opened* | *Date of status* | *Type* | *Responsibility* | *Credit limit or original amount* | *Recent balance* |
|---|---|---|---|---|---|
| Nov 1997 | Jun 2000 | Revolving | Individual | $5,000 | $0 as of Feb 2002 |
| *Reported since* | *Last reported* | *Terms* | | *High balance* | |
| Nov 1997 | Feb 2002 | NA | | $29,758 | |
| | | *Monthly payment* | | | |
| | | $0 | | | |

Status: Discharged through Bankruptcy
Chapter 7/Account charged off.
Account history:
Charge Off as of Jan 2001
150 days as of Dec 2000, Feb 2000
120 days as of Nov 2000,
90 days as of Oct 2000, Jan 2000
60 days as of Sep 2000, Dec 1999
30 days as of Aug 2000, May 2000,
Nov 1999, Jan 1999, Oct 1998
Debt included in Chapter 7 Bankruptcy
on June 09, 2000
Creditor's statement: *"Account closed at credit grantor's request."*
This item was verified and updated on Sep 2003.

**BELK CENTER INC**
2801 W TYVOLA RD
CHARLOTTE NC 28217
*Partial account number*
59303 l ......

| *Date opened* | *Date of status* | *Type* | *Responsibility* | *Credit limit or original amount* | *Recent balance* |
|---|---|---|---|---|---|
| Dec 1996 | Feb 2002 | Revolving | Individual | $1,700 | $0 as of Jun 2001 |
| *Reported since* | *Last reported* | *Terms* | | *High balance* | |
| Dec 1996 | Jun 2001 | NA | | $2,646 | |
| | | *Monthly payment* | | | |
| | | $0 | | | |

Status: Petition for Chapter 7
Bankruptcy/Account charged off.
Account history:
Charge Off as of Jun 2001, May 2001,
Apr 2001, Mar 2001, Feb 2001, Jan
2001, Dec 2000, Nov 2000, Oct
2000, Sep 2000, Aug 2000, Jul 2000
150 days as of Jun 2000
90 days as of May 2000
60 days as of Apr 2000
30 days as of Mar 2000, Nov 1999,
Aug 1999
Filed Chapter 7 Bankruptcy on Feb 01,
2002
This item was verified and updated on
Sep 2003.

**experian**

Prepared for:
MICHAEL BRAY

Report number:
2112667256

Report date:
Jul 07 2005
www.experian.com/disputes
Call 800 509 8495

Page 6 of 18

## Credit items *continued*

| Source:<br>Account number<br>(except last five digits) | Date opened/<br>Reported since | Date of status/<br>Last reported | Type/<br>Terms/<br>Monthly payment | Responsibility | Credit limit or<br>original amount/<br>High balance | Recent balance/<br>Recent payment | Status Details |
|---|---|---|---|---|---|---|---|
| **BB&T**<br>PO BOX 2306<br>WILSON NC 27894<br>40537201 3103..... | 11-1997/<br>11-1997 | 6-2000/<br>2-2002 | Revolving/<br>NA/<br>$0 | Individual | $5,000 /<br>$29,758 | $0 as of<br>2-2002/ | Status: Discharged through Bankruptcy<br>Chapter 7/Account charged off.<br>Account history:<br>Debt included in Chapter 7 Bankruptcy<br>on June 09, 2000<br>Creditor's statement *"Account closed at<br>credit grantor's request."*<br>This item was verified and updated on<br>Sep 2003. |
| **BELK CENTER INC**<br>2801 W TYVOLA RD<br>CHARLOTTE NC 28217<br>59303 1..... | 12-1996/<br>12-1996 | 2-2002/<br>6-2001 | Revolving/<br>NA/<br>$0 | Individual | $1,700 /<br>$2,646 | $0 as of<br>6-2001/ | Status: Petition for Chapter 7<br>Bankruptcy/Account charged off.<br>Account history:<br>Filed Chapter 7 Bankruptcy on Feb 01,<br>2002<br>This item was verified and updated on<br>Sep 2003. |
| **CAP ONE BK**<br>PO BOX 85015<br>RICHMOND VA 23285<br>438864215252..... | 3-2000/<br>3-2001 | 2-2002/<br>5-2005 | Revolving/<br>NA/<br>$0 | Individual | NA/<br>$1,638 | $0 as of<br>5-2005/ | Status: Petition for Chapter 7<br>Bankruptcy/Current, was past due 90<br>days.<br>Account history:<br>Filed Chapter 7 Bankruptcy on Feb 01,<br>2002<br>Creditor's statement *"Account closed at<br>credit grantor's request."*<br>This item was verified and updated on<br>Sep 2003. |
| **CAP ONE BK**<br>PO BOX 85015<br>RICHMOND VA 23285<br>412 17421 5917..... | 11-2000/<br>4-2001 | 2-2002/<br>6-2005 | Revolving/<br>NA/<br>$0 | Individual | NA/<br>$2,641 | $0 as of<br>6-2005/ | Status: Petition for Chapter 7<br>Bankruptcy/Past due 30 days.<br>Account history:<br>Filed Chapter 7 Bankruptcy on Feb 01,<br>2002 |

# experian

Prepared for
MICHAEL R RAY

Report date
November 22, 2005

Page 1 of 2

**Dear MICHAEL R RAY,**

We are responding to your request for a free annual credit report. The address you provided has never been reported to us. To assist you, we must verify your current mailing address. Please send us two proofs of your current mailing address such as complete copies of a recent utility bill, driver's license, bank or insurance statement. Ensure that the copy is legible, in your name, and includes the statement date. For your protection, we are unable to accept credit card statements, voided checks, lease agreements, magazine subscriptions or postal service forwarding orders as proof of your address. If you send an original

document, Experian will be unable to return it. Also include the following identification information: your full name including middle initial (and generation such as JR, SR, II, III); previous addresses for the past two years; Social Security number, and date of birth. You also may want to notify your creditors of your current address.

Sincerely,

Experian
NCAC
P.O. Box 9702
Allen TX 75013

•••••••••••••• ALL FOR AADC 320
0008980  I AB 0.301 L 313
MICHAEL R RAY
PO BOX 699
ESTILL SC 29918-0699

# experian.

**Prepared for**
MICHAEL R RAY

**Report number**
1487060831

**Report date**
November 30, 2006
www.experian.com/disputes
Call 1 800 509 8495

**Page 2 of 12**

## Potentially negative items or items for further review

This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies, which may remain for up to 10 years, and unpaid tax liens, which may remain for up to 15 years. A paid tax lien may remain for up to seven years. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

### Public records

**US BKPT CT SC COLUMBIA**
1100 LAUREL ST
COLUMBIA SC 29201
*No phone number available*

| | | | | |
|---|---|---|---|---|
| *Identification number* 200201212 | *Date filed* Feb 2002 | *Type* Revolving | *Responsibility* Individual | *Claim amount* $0 |
| | *Date resolved* NA | *Terms* NA | | *Liability amount* $0 |

Status: Chapter 7 bankruptcy petition.
This item is scheduled to continue on record until Feb 2012.

### Credit items

**BB&T**
PO BOX 1847
WILSON NC 27894
*No phone number available*
**Partial account number**
562133......

| | | | |
|---|---|---|---|
| *Date opened* Nov 1997 | *Date of status* Feb 2002 | *Type* Revolving | *Responsibility* Individual |
| *Reported since* Nov 1997 | *Last reported* Jan 2003 | *Terms* NA | |
| | | *Monthly payment* NA | |

*Credit limit or original amount* $2,000

*High balance* $2,185

*Recent balance* $0 /paid as of Jan 2003

Status: Petition for Chapter 7 Bankruptcy/Never late.
Account history:
Filed Chapter 7 Bankruptcy on Feb 01, 2002.
This account is scheduled to continue on record until Feb 2009.
Comment: *"Account closed at consumer's request"*
This item was verified and updated on Sep 2003.

**BB&T**
PO BOX 2306
WILSON NC 27894
*No phone number available*
**Partial account number**
40537201 3103......

| | | | |
|---|---|---|---|
| *Date opened* Nov 1997 | *Date of status* Jun 2000 | *Type* Revolving | *Responsibility* Individual |
| *Reported since* Nov 1997 | *Last reported* Feb 2002 | *Terms* NA | |
| | | *Monthly payment* NA | |

*Credit limit or original amount* $5,000

*High balance* $29,758

*Recent balance* $0 as of Feb 2002

Status: Discharged through Bankruptcy Chapter 7/Past due 30 days.
Account history:
May, 2000
Debt included in Chapter 7 Bankruptcy on June 09, 2000
Creditor's statement: *"Account closed at credit grantor's request."*
This item was verified and updated on Sep 2003.

# experian

**Prepared for**
MICHAEL R RAY
**Report number**
1360248620

**Report date**
February 26, 2007
www.experian.com/disputes
Call 800 509 8495

**Page 4 of 10**

## Potentially negative items or items for further review

This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies, which may remain for up to 10 years, and unpaid tax liens, which may remain for up to 15 years. Unpaid tax lien may remain for up to seven years. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

### Public records

| US BKPT CT SC COLUMBIA | Identification number | Date filed | Responsibility | Claim amount | Status: Chapter 7 bankruptcy petition. |
|---|---|---|---|---|---|
| 1100 LAUREL ST | 200201212 | Feb 2002 | Individual | $0 | This item is scheduled to continue on |
| COLUMBIA SC 29201 | | Date resolved | | Liability amount | record until Feb 2012. |
| No phone number available | | NA | | $0 | |

### Credit items

| BB&T | Date opened | Date of status | Type | Responsibility | Credit limit or original amount | Recent balance | Status: Discharged through Bankruptcy |
|---|---|---|---|---|---|---|---|
| PO BOX 2306 | Nov 1997 | Nov 2002 | Revolving | Individual | $5,000 | $0 as of Nov Chapter 7/Paid Closed. | |
| WILSON NC 27894 | Reported since | Last reported | Terms | | High balance | 2002 | Account history: |
| No phone number available | Nov 1997 | Nov 2002 | NA | | $29,758 | | Charge Off as of Jan 2001 |
| **Partial account number** | | | Monthly payment | | | | 150 days as of Dec 2000 |
| 4057201303...... | | | NA | | | | 120 days as of Nov 2000 |
| | | | | | | | 90 days as of Oct 2000 |
| | | | | | | | 60 days as of Sep 2000 |
| | | | | | | | 30 days as of Aug 2000 |
| | | | | | | | Debt included in Chapter 7 Bankruptcy |
| | | | | | | | on Nov 21, 2002 |
| | | | | | | | Creditor's statement "Account closed at |
| | | | | | | | credit grantor's request." |
| | | | | | | | This item was verified and updated on |
| | | | | | | | Jan 2007. |

| MCYFDSB | Date opened | Date of status | Type | Responsibility | Credit limit or original amount | Recent balance | Status: Included in bankruptcy. |
|---|---|---|---|---|---|---|---|
| 9111 DUKE BLVD | Sep 1994 | Jul 1999 | Revolving | Individual | NA | $0 /paid as | Account history: |
| MASON OH 45040 | Reported since | Last reported | Terms | | High balance | of - | Discharged Through BK Ch 7, 11, or |
| No phone number available | - | - | NA | | $711 | | 12 on July 26, 1999 |
| **Partial account number** | | | Monthly payment | | | | This account is scheduled to continue |
| 975004977...... | | | NA | | | | on record until Feb 2007. |
| | | | | | | | This item was verified and updated on |
| | | | | | | | Jan 2007. |



# experian

**Prepared for**
MICHAEL R RAY
**Report number**
2570110701

**Report date**
March 19,2007
www.experian.com/disputes
Call 800 509 8495

**Page 1 of 2**

Dear MICHAEL R RAY,

‖.Il..‖Il..Il.Il.Il.Il..‖Il.I..‖Ill.Il.I.Il.Il.II.I
•••••••••••••• MIXED AADC 683
0008851  1 MB 0.326 L 282
MICHAEL R RAY
PO BOX 100
MYRTLE BEACH SC 29578-0100
I.Il.Il..Il.Il.I.I.Il..Il..I.II.ll.ll..Il..Il..Il.I.I

We are unable to process your request. If you believe that an item on your personal credit report is inaccurate or incomplete, please notify us. Be sure to indicate the specific item and explain why you believe the information is inaccurate, for example: "hot mine," "paid in full," "never late," "included in bankruptcy," "incorrect name," etc. If the status, a date, an amount, a balance, personal information such as name or address, or any other specific information is inaccurate, you should also indicate what the correct information should be.

Once we receive this information, we will begin an investigation, or you may log on to www.experian.com/disputes, or call us at the phone number on your personal credit report to expedite your request. When we complete the investigation process, which may take up to 30 days (or up to 45 days for an investigation of information in an annual free credit report), we will send you the results. If you write to us, enclose one copy of a government issued identification card, such as a driver's license, state ID card, military ID card, etc., **and** one copy of a utility bill, bank or insurance statement, etc. Make sure that each copy is legible (enlarge if necessary), displays your name and current mailing address, and the date of issue (statement dates must be recent). We are unable to accept credit card statements, voided checks, lease agreements, magazine subscriptions or postal service forwarding orders as proof. To protect your personal identification information, Experian does not return correspondence sent to us. Send **copies** of any documents you wish to provide to us and always retain your original documents. Be sure to include the following identification information: your full name including middle initial (and generation such as JR, SR, II, III), previous addresses for the past two years, Social Security number, and date of birth.

Sincerely,

Experian
NCAC
PO BOX 9701
Allen TX 75013

# experian

**Prepared for**
MICHAEL R RAY

**Report number**
2570110701

**Report date**
March 19, 2007
www.experian.com/disputes
Call 800 509 8495

**Page 4 of 10**

## Potentially negative items or items for further review

This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies, which may remain for up to 10 years, and unpaid tax liens, which may remain for up to 15 years. Unpaid tax lien may remain for up to seven years. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

### Public records

**US BKPT CT SC COLUMBIA**
1100 LAUREL ST
COLUMBIA SC 29201
*No phone number available*

| *Identification number* | *Date filed* | *Responsibility* | *Claim amount* | *Status:* Chapter 7 bankruptcy petition. |
|---|---|---|---|---|
| 200201212 | Feb 2002 | Individual | $0 | This item is scheduled to continue on |
| | *Date resolved* | | *Liability amount* | record until Feb 2012. |
| | NA | | $0 | |

### Credit items

**BB&T**
PO BOX 2306
WILSON NC 27894
*No phone number available*
*Partial account number*
405372013103......

| *Date opened* | *Date of status* | *Type* | *Responsibility* | *Credit limit or original amount* | *Recent balance* | *Status:* Discharged through Bankruptcy |
|---|---|---|---|---|---|---|
| Nov 1997 | Nov 2002 | Revolving | Individual | $5,000 | $0 as of Nov Chapter 7/Paid/Closed. | 
| *Reported since* | *Last reported* | *Terms* | | *High balance* | 2002 | Account history: |
| Nov 1997 | Nov 2002 | NA | | $29,758 | | Charge Off as of Jan 2001 |
| | | *Monthly payment* | | | | 150 days as of Dec. 2000 |
| | | NA | | | | 120 days as of Nov 2000 |
| | | | | | | 90 days as of Oct 2000 |
| | | | | | | 60 days as of Sep 2000 |
| | | | | | | 30 days as of Aug 2000 |

Debt included in Chapter 7 Bankruptcy
on Nov 21, 2002
Creditor's statement: *"Account closed at credit grantor's request."*
This item was verified and updated on
Jan 2007.

EXHIBIT, "C"



MICHAEL R. RAY #40860-019
FCI Estill
Post Office Box 699
Estill, South Carolina 29918-0699

March 25, 2005

Experian NCAC
Customer Service
Post Office Box 9595
Allen, Texas 75013

Re: MICHAEL R. RAY  Credit Bureau Report Review

Dear Sir's:

I am following up on my review of my personal credit bureau re-
port file. Previously under Report #'s: 2620145221 and #2758410936
(respectively) I made inquiry regarding possible fraudulent activity,
and additionally matters regarding my discharged bankruptcy.

I have just reason to believe that some of the erroneous entries
may have reentered my report file.

Therefore, I would request a new copy of my report. Additionally,
I am enclosing the front page copy from the previous two reports,
a document showing my current address and a copy of my Federal
Bureau of Prisons ID card for your verification.

I look forward to receipt of my report copy. Thanking you for your
time, courtesies and assistance, I remain,

Very truly yours,

MICHAEL R. RAY

MICHAEL ROBERT RAY
SS# 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
D/O/B  12-09-1965

Former Address:
2349 Rogers Road #D-207
Darlington, SC 29532-6239

08 0114

**FILED**

JAN 1 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



## MICHAEL R. RAY
### F.C.I. ESTILL - #40860-019
### POST OFFICE BOX 699
### ESTILL, SOUTH CAROLINA 29918-0699

December 5, 2005

Customer Service Supervisor
Experian NCAC
Post Office Box 9702
Allen, Texas 75013

### Re: Letter dated November 22, 2005 in re: Request for Free Credit Report

Dear Sir/Madam:

I have received the enclosed correspondence from your agency. In reviewing same, I was quite surprised to read your statement "The address you provided has never been reported to us". I draw your attention to the enclosed front page from my previous report (correction summary) dated July 7, 2005, only five months ago.

I can only assume that this is an oversight on Experians' part, and with the receipt of the enclosed two copies, you will forthwith provide me with my free annual disclosure. As you are also already aware, I am presently incarcerated (and have provided copies of my Inmate ID and other relevant documents on several previous occasions).

I look forward to hearing from you.


Very truly yours,

MICHAEL R. RAY


MRR/s



# MICHAEL R. RAY
### F.C.I. ESTILL - #40860-019
### POST OFFICE BOX 699
### ESTILL, SOUTH CAROLINA 29918-0699

December 27, 2005

Customer Service Supervisor
Experian NCAC
Post Office Box 9702
Allen, Texas 75013

### <u>Re: Letter dated December 14, 2005 in re: Request for Free Credit Report</u>

Dear Sir/Madam:

I have received the enclosed correspondence from your agency. In reviewing same, I find that your request for additional information and/or verification regarding my inmate status to be contrary to the requirements of the Fair Credit Reporting Act.

Let me attempt to outline the background of this request, so that hopefully the folks at Experian can avoid potential litigation regarding this matter.

- I have previously received copies of my report and resultant updates here at FCI Estill, in July, 2005. I have repeatedly utilized this address in the past year.

- I have been continually incarcerated since March, 2003

- Experian is attempting to avoid the requirements regarding the "Annual Free Credit Report" disclosure, as provided for by the FCRA

- After inquiry, our Warden does not routinely provide such verifications, such as the one requested in your letter.

- I have previously provided (on three occasions) copies of my Official Inmate ID card (as proof of identity) and a copies of "official mail" addressed to me here at this institution (as proof of my current address).

Customer Service Supervisor
Experian NCAC
December 27, 2005
Page Number Two

- Contrary to your assertions; my present Estill, South Carolina address has been previously reported to Experian, and further, as evidenced by my last letter (and relevant photo copies provided) Experian has provided reports and updates to me previously at this address.

It is crystal clear that Experian is attempting to hinder the dissemination of the annual free credit report disclosures, contrary to the holdings of the FCRA.

This will be my last communication to Experian regarding this matter. I am purposefully sending this response via Certified Mail, Return Receipt Requested, and if I do not receive my requested report within ten (10) days, I fully intend to file suit to compel the production of same and for damages.

I look forward to hearing from you.


Very truly yours,


MICHAEL R. RAY


MRR/s

Enclosure-1

experian

Prepared for:
MICHAEL R RAY

Report date
December 14, 2005

Page 1 of 2

receive this information.

Dear MICHAEL R RAY,

We were unable to process your request for a free annual credit report
because we show that your current address relates to a correctional institution.
To process your free annual credit report, we need a notarized letter on
correctional institution letterhead from a warden or other prison authority
validating your name, your inmate number and address. You will need to
provide a copy of this letter each time that you contact us. In addition, we will
need your Social Security number, date of birth, and previous addresses for the
past two years. We will send your free annual credit report as soon as we

Sincerely,

Experian
NCAC
P.O. Box 9702
Allen TX 75013

ＩＩｌ．．．ＩＩＩｌ．．ＩＩＩ．ＩＩＩ．Ｉ．ＩＩ．．．．ＩＩＩＩｌ．．ＩＩＩＩ．．ＩＩＩＩ．ＩＩＩ．．ｌＩＩＩＩＩＩＩＩＩ
************** ALL FOR AADC 320
0004546  1 AB 0.301 L 358
MICHAEL R RAY
PO BOX 699
ESTILL SC 29918-0699
Ｉ．ＩＩＩＩＩ．．ＩＩＩ．．．．ｌＩＩＩ．ｌＩ．ＩＩ．．．ＩＩｌＩＩＩＩ．ＩＩＩＩ．ＩＩＩＩＩ．ＩＩＩＩ．ｌ

**JS-44**
**(Rev.1/05 DC)**

## I. (a) PLAINTIFFS

*Michael R. Ray*

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** *88888*
**(EXCEPT IN U.S. PLAINTIFF CASES)**

*910 SE (9A)*

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

## DEFENDANTS

*Experian, Inc. Etal*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:08-cv-00114
Assigned To : Lamberth, Royce C.
Assign. Date : 1/18/2008
Description: Pro Se General Civil

## II. BASIS OF JURISDICTION

**(PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZEN

PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

☐ **A.** *Antitrust*

☐ 410 Antitrust

☐ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E.** *General Civil (Other)* OR ☒ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

| ☐ **G.** *Habeas Corpus/ 2255* | ☐ **H.** *Employment Discrimination* | ☐ **I.** *FOIA/PRIVACY ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ **K.** *Labor/ERISA (non-employment)* | ☐ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

*42 USC 1983*

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23  **DEMAND $** _____  Check YES only if demanded in complaint  **JURY DEMAND:** ☐ YES  ◉ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ◉ NO  If yes, please complete related case form.

**DATE** *1-18-08*  **SIGNATURE OF ATTORNEY OF RECORD** *NCP*

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

