UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
AT WASHINGTON, DC

| | |
|---|---|
| MICHAEL R. RAY,<br><br>        Plaintiff,<br><br>v.<br><br>EXPERIAN, INC., and BRANCH BANKING & TRUST COMPANY (a/k/a BB&T),<br><br>        Defendant(s). | Civil Action<br><br>Case No.: 1:08-cv-00114<br>Assigned to: Lamberth, Royce C.<br>Assign Date: 1/18/2008<br>Description: Pro Se General Civil |

## EXPERIAN INFORMATION SOLUTIONS, INC.'S
## ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES defendant Experian Information Solutions, Inc., erroneously sued as "Experian, Inc." ("Experian"), by its undersigned counsel, and in answer to the Complaint, states as follows:

        1.      In response to paragraph 1 of the Complaint, Experian admits that plaintiff has alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. and common law. Experian states that these are legal conclusions that are not subject to denial or admission.

        2.      In response to paragraph 2 of the Complaint, Experian admits that plaintiff has alleged jurisdiction based on 15 U.S.C. §1681p and 28 U.S.C. §1367. Experian states that this is a legal conclusion, which is not subject to denial or admission.

        3.      In response to paragraph 3 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

Case 1:08-cv-00114-RCL    Document 8    Filed 03/26/2008    Page 2 of 14

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4. In response to paragraph 4 of the Complaint, Experian states that there is no entity with the capacity to be sued known as "Experian, Inc." The correct name of the defendant herein is Experian Information Solutions, Inc. Experian admits that it is qualified to do business in the District of Columbia. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 4 of the Complaint.

5. In response to paragraph 5 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer credit reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 5 of the Complaint.

6. In response to paragraph 6 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer credit reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 6 of the Complaint.

7. In response to the allegations in paragraph 7 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 7 of the Complaint.

8. In response to the allegations in paragraph 8 of the Complaint that relate to plaintiff and/or the other defendant, Experian does not have knowledge or information sufficient

-2-

to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 8 of the Complaint.

9. In response to the allegations in paragraph 9 of the Complaint that relate to plaintiff and/or the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 9 of the Complaint.

10. In response to paragraph 10 of the Complaint, Experian states that it has not yet completed its investigations with regard to its reporting of plaintiff's credit information. Therefore, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations that purport to apply to plaintiff's credit report. On that basis, Experian denies those allegations. Experian, however, expressly denies that it violated the FCRA, either negligently or intentionally. Experian denies the remaining allegations contained in paragraph 10 of the Complaint.

11. In response to paragraph 11 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 11 of the Complaint that relate to plaintiff and/or the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 11 of the Complaint.

12. In response to paragraph 12 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 12 of the Complaint that relate to plaintiff and/or the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of

DLI-6177808v1

those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 12 of the Complaint.

13.     In response to paragraph 13 of the Complaint, Experian states that the FCRA speaks for itself, and plaintiff's proposed interpretation of the FCRA amounts to a legal conclusion. Experian, therefore, denies, generally and specifically, each and every allegation of paragraph 13 of the Complaint.

14.     In response to paragraph 14 of the Complaint, Experian states that it has not yet completed its investigations with regard to its reporting of plaintiff's credit information. Therefore, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations that purport to apply to plaintiff's credit report. On that basis, Experian denies those allegations. Experian, however, expressly denies that it violated the FCRA, either negligently or intentionally. Experian denies the remaining allegations contained in paragraph 14 of the Complaint.

15.     In response to paragraph 15 of the Complaint, Experian states that it has not yet completed its investigations with regard to its reporting of plaintiff's credit information. Therefore, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations that purport to apply to plaintiff's credit report. On that basis, Experian denies those allegations. Experian, however, expressly denies that it violated the FCRA, either negligently or intentionally. Experian denies the remaining allegations contained in paragraph 15 of the Complaint.

16.     In response to paragraph 16 of the Complaint, Experian states that it has not yet completed its investigations with regard to its reporting of plaintiff's credit information. Therefore, Experian is without knowledge or information sufficient to form a belief as to the

truth of those allegations that purport to apply to plaintiff's credit report. On that basis, Experian denies those allegations. Experian, however, expressly denies that it violated the FCRA, either negligently or intentionally. Experian denies the remaining allegations contained in paragraph 16 of the Complaint.

17.     In response to paragraph 17 of the Complaint, Experian states that it has not yet completed its investigations with regard to its reporting of plaintiff's credit information. Therefore, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations that purport to apply to plaintiff's credit report. On that basis, Experian denies those allegations. Experian, however, expressly denies that it violated the FCRA, either negligently or intentionally. Experian denies the remaining allegations contained in paragraph 17 of the Complaint.

18.     In response to paragraph 18 of the Complaint, Experian states that it has not yet completed its investigations with regard to its reporting of plaintiff's credit information. Therefore, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations that purport to apply to plaintiff's credit report. On that basis, Experian denies those allegations. Experian, however, expressly denies that it violated the FCRA, either negligently or intentionally. Experian denies the remaining allegations contained in paragraph 18 of the Complaint.

19.     In response to paragraph 19 of the Complaint, Experian states that it has not yet completed its investigations with regard to its reporting of plaintiff's credit information. Therefore, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations that purport to apply to plaintiff's credit report. On that basis, Experian denies those allegations. Experian, however, expressly denies that it violated the FCRA, either

negligently or intentionally. Experian denies the remaining allegations contained in paragraph 19 of the Complaint.

20. In response to paragraph 20 of the Complaint, Experian states that it has not yet completed its investigations with regard to its reporting of plaintiff's credit information. Therefore, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations that purport to apply to plaintiff's credit report. On that basis, Experian denies those allegations. Experian, however, expressly denies that it violated the FCRA, either negligently or intentionally. Experian denies the remaining allegations contained in paragraph 20 of the Complaint.

21. In response to the allegations in paragraph 21 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, those allegations. By way of further answer, Experian states that it has not yet completed its investigations with regard to its reporting of plaintiff's credit information. Therefore, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations that purport to apply to plaintiff's credit report. On that basis, Experian denies those allegations. Experian, however, expressly denies that it violated the FCRA, either negligently or intentionally. Experian denies the remaining allegations contained in paragraph 21 of the Complaint.

22. In response to paragraph 22 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

23. In response to paragraph 23 of the Complaint, Experian states that it has not yet completed its investigations with regard to its reporting of plaintiff's credit information.

Therefore, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations that purport to apply to plaintiff's credit report. On that basis, Experian denies those allegations. Experian, however, expressly denies that it violated the FCRA, either negligently or intentionally. Experian denies the remaining allegations contained in paragraph 23 of the Complaint.

24. In response to paragraph 24 of the Complaint, Experian states that it has not yet completed its investigations with regard to its reporting of plaintiff's credit information. Therefore, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations that purport to apply to plaintiff's credit report. On that basis, Experian denies those allegations. Experian, however, expressly denies that it violated the FCRA, either negligently or intentionally. Experian denies the remaining allegations contained in paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint does not require an answer because it does not include any factual allegations.

26. In response to paragraph 26 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

27. In response to paragraph 27 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

28. Paragraph 28 of the Complaint does not require an answer because it does not include any factual allegations.

29. Paragraph 29 of the Complaint does not require an answer because it does not include any factual allegations.

DLI-6177808v1

30. In response to paragraph 30 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

31. In response to paragraph 31 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

32. In response to paragraph 32 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

33. In response to paragraph 33 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

34. Paragraph 34 of the Complaint does not require an answer because it does not include any factual allegations.

35. In response to paragraph 35 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 35 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 35 of the Complaint.

36. In response to the allegations in paragraph 36 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 36 of the Complaint.

37. In response to the allegations in paragraph 37 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a

belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 37 of the Complaint.

       38.     In response to the allegations in paragraph 38 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 38 of the Complaint.

       39.     Paragraph 39 of the Complaint does not require an answer because it does not include any factual allegations.

       40.     In response to the allegations in paragraph 40 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 40 of the Complaint.

       41.     In response to the allegations in paragraph 41 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 41 of the Complaint.

       42.     In response to the allegations in paragraph 42 of the Complaint that relate to the other defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 42 of the Complaint.

       43.     In response to the allegations in paragraph 43 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a

DLI-6177808v1

belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint does not require an answer because it does not include any factual allegations. To the extent an answer is required, Experian further states that the documents attached as "Exhibit A" appear to be copies of correspondence from the plaintiff to the Defendants, that Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. Experian further states that the documents attached as "Exhibit B" appear to be incomplete copies of Experian consumer credit disclosures, that said disclosures speak for themselves. Experian further states that the documents attached as "Exhibit C" appear to be copies of correspondence from the plaintiff to Experian, that Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

45.     Paragraph 45 of the Complaint does not require an answer because it does not include any factual allegations.

46.     In response to the unnumbered paragraph following paragraph 45 of the Complaint, Experian denies that the plaintiff is entitled to any relief whatsoever from Experian.

## **AFFIRMATIVE DEFENSES**

### **Immunity**

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

DLI-6177808v1

### Truth/Accuracy of Information

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### Indemnification

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### Failure to Mitigate Damages

Plaintiff has failed to mitigate his damages.

### Laches

The Complaint and each claim for relief therein is barred by laches.

### Contributory/Comparative Fault

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### Estoppel

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

### Statute of Limitations

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

### Unclean Hands

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

### Intervening Causation

Plaintiff's alleged damages were not caused by Experian, but by an independent intervening cause.

### Punitive Damages

Any claims for punitive or exemplary damages violate Experian's right to due process of law under the United States Constitution.

### Right to Assert Additional Defenses

Experian reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

DLI-6177808v1

Dated: March 26, 2008.

Respectfully submitted,

*s/ Joseph W. Clark*
Joseph W. Clark (D.C. Bar No. 468782)
JONES DAY
51 Louisiana Avenue, N.W.
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Counsel for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

OF COUNSEL

Cindy W. Andrew
Texas State Bar No. 00796128
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March, 2008, a copy of the foregoing **EXPERIAN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** was filed with the Clerk of the Court using the CM/ECF system. I also certify that a copy was served by First Class mail on Plaintiff who is unable to receive service electronically:

    Michael Ray
    BOP No. 40860-019
    FCI Estill
    PO Box 699
    Estill, SC  29918

Dated:  March 26, 2008

                                    *s/ Cindy W. Andrew*
                                    Cindy W. Andrew