# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL ROBERT RAY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-0114 (RCL) |
| EXPERIAN, INC., *et al.*, | ) ) | **FILED** |
| Defendants. | ) ) ) | **APR 2 8 2009** |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

Defendant Branch Banking and Trust Company ("BB&T") moves to dismiss under Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure on the ground that plaintiff failed to effect service within 120 days of the filing of the Complaint. The motion will be denied.

On December 19, 2007, the Clerk of Court received plaintiff's *pro se* Complaint and Application to Proceed Without Prepayment of Fees and Affidavit ("IFP application"). The Court granted the IFP application on January 15, 2008, and the Clerk of Court officially filed and placed the Complaint and IFP application on the electronic docket on January 18, 2008.

Because plaintiff is proceeding *pro se* and *in forma pauperis* under 28 U.S.C. § 1915, the Court must "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the Court. Fed. R. Civ. P. 4(c)(3). Accordingly, the Clerk issued a summonses for BB&T on January 24, 2008. On August 19, 2008, the United States Marshal Service notified the Clerk that service on BB&T had not been effected by certified mail. Responding to the Court's November 13, 2008 Order, plaintiff supplied an address for service on

1

BB&T.  The Clerk reissued a summons on January 12, 2009.  BB&T "received a copy of the

Complaint, but did not receive a summons."  BB&T's Statement of its P. & A. in Supp. of its

Mot. to Dismiss at 2 n.1.  BB&T filed the instant motion on February 19, 2009, six days before

the Clerk docketed a return of service on BB&T.

   "If a defendant is not served within 120 days after the complaint is filed, the court  – on

motion or on its own after notice to the plaintiff – must dismiss the action without prejudice

against that defendant or order that service be made within a specified time."  Fed. R. Civ. P.

4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time

for service for an appropriate period."  *Id.*  Generally, a *pro se* plaintiff who depends on court

officers should not be penalized for a court officer's delay, failure or mistake in effecting service

of process.  *See Puett v. Blandford*, 895 F.2d 630, 635 (9th Cir.1990) ("[A]n incarcerated pro se

plaintiff proceeding in forma pauperis . . . should not be penalized by having his . . . action

dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to

perform [his respective] duties"); *Thomas v. Fed. Aviation Admin.*, No. 05-2391, 2007 WL

219988, at *4 (D.D.C. Jan. 25, 2007) (finding "good cause" for the delay in service of process on

named defendants where, due to Clerk's Office error and "[t]hrough no fault of Plaintiff's," the

summonses and complaints were not served within 120 days after the filing of the complaint).

The Court will not dismiss this action for a delay in service of process for which the plaintiff is

not responsible.  An Order accompanies this Memorandum Opinion.

ROYCE C. LAMBERTH
United States District Judge

DATE: 4/28/09